IN THE MATTER OF PATRICK R. TAYLOR.

[No. 672S78. Filed March 21, 1973. Order Stayed April 9, 1973.]

*Ferdinand Samper,* of Indianapolis, for respondent.

*John B. Ramming, John Tinder,* of Indianapolis, attorneys for Indiana Supreme Court Discipinary Commission.

ARTERBURN, C.J.—This proceeding was instituted by a Verified Complaint for Permanent Disbarment from the Practice of Law filed by the Disciplinary Commission of this Court. The Honorable Lester Nixon was appointed Hearing Officer. A Motion for Suspension Pending Prosecution was also made. On November 1, 1972, the Hearing Officer heard the issues involved in the complaint, the evidence not being concluded, the hearing was recessed by agreement. On November 6, 1972, the Hearing Officer heard all the evidence and overruled the Petition For Temporary Suspension and took the matter on the merits under advisement.

On November 20, 1972, the Hearing Officer filed the following Findings of Fact:

1. That the Respondent, PATRICK R. TAYLOR, was admitted to the Bar of the State of Indiana on September 25, 1968, and now maintains an office for the practice of law in Martinsville, Morgan County, Indiana.

2. That the said PATRICK R. TAYLOR was the attorney for one Walter S. Wheatley in a divorce proceeding; that in such capacity, as attorney for Mr. Wheatley, he did willfully and knowingly advise his client to act in contravention to a court order, to-wit: that on December 5, 1970, a divorce decree—Cause No. C 70 C 412—issued from the Morgan County Circuit Court which ordered Mr. Wheatley to pay the clerk of the Court the sum of Twenty Dollars ($20.00) per week as child support; that on or about April 29, 1971, Mr. Wheatley's divorced wife filed criminal non-support charges

against Mr. Wheatley; that subsequent thereto Respondent advised Mr. Wheatley not to pay the said support money to the clerk of said Court, but did advise him to put said support payments in Respondent's escrow bank account; that subsequently Respondent accepted Forty Dollars ($40.00) from Mr. Wheatley and placed said money in his escrow bank account.

3. That the said PATRICK R. TAYLOR was the attorney for one Walter S. Wheatley in a divorce proceeding; that he did willfully and knowingly solicit or suborn Mr. Wheatley to commit perjury, to-wit: that on December 5, 1970, a divorce decree—Cause No. C 70 C 412—issued from the Morgan County Circuit Court which ordered Mr. Wheatley to pay the clerk of said Court the sum of Twenty Dollars ($20.00) per week as child support; that on or about April 29, 1971, Mr. Wheatley's divorced wife filed criminal non-support charges against Mr. Wheatley; that subsequent thereto Respondent advised Mr. Wheatley not to pay the said support money to the clerk of said Court, but did advise him to put said support payments in Respondent's escrow bank account; that subsequently Respondent accepted Forty Dollars ($40.00) from Mr. Wheatley and placed said money in his escrow bank account; that on or about November 18, 1971, a complaint of attorney misconduct was filed by members of the Morgan County Bar Association against Respondent concerning Respondent's representation of Mr. Wheatley; that on or about November 27, 1971, and thereafter on several occasions, Respondent contacted Mr. Wheatley and urged him to sign a sworn affidavit; that Respondent told Mr. Wheatley that said affidavit would contain statements to the effect that Mr. Wheatley had never possessed an intention to pay said support payments to the clerk of said Court in any case, regardless of the advice of Respondent; that such statements, if made, would have been false and misleading.

4. That the said PATRICK R. TAYLOR was the attorney for one Mrs. Janet L. McCarty in a divorce proceeding; that in such capacity, as attorney for Mrs. McCarty, he did advise

his client to seize and carry away the personal property of the opposing party—one Jackie H. McCarty—to be held as involuntary security for Respondent's Attorney's fee, to-wit: that on or about July 10, 1971, Respondent did advise his client, Mrs. McCarty, to break the lock on a garage at the McCarty residence, and to take and carry away certain items of personal property belonging to Mr. McCarty—including machines, tools, and Mr. McCarty's clothes—to a warehouse storage facility which is part of Respondent's law office, to be used as security for Respondent's fee; that Respondent did physically assist Mrs. McCarty in moving some of the heavier items of said personal property into said warehouse.

5. That the said PATRICK R. TAYLOR was attorney for one Mrs. Janet L. McCarty in a divorce proceeding; that in such capacity, as attorney for Mrs. McCarty, he did communicate with and interrogate the opposing party, who was not of counsel, to-wit: that subsequent to July 10, 1971, and prior to any personal service on the defendant Jackie H. McCarty, in the divorce proceeding filed by Mrs. McCarty on July 10, 1971, Mr. McCarty went to Respondent's law office to retrieve his personal property—as alluded to in Paragraph 4, above —and was there interrogated for approximately two (2) hours by Respondent, wherein was discussed the value of Mr. McCarty's assets, among other things; that Mr. McCarty was not of counsel at the time of said communication and interrogation.

This Court approves the Findings of the Hearing Officer and accepts the same as facts found in this proceeding. However, the Hearing Officer's recommendation that the Respondent be publically reprimanded in our opinion is insufficient. It is the feeling of this Court that the unprofessional conduct of the Respondent warrants a greater penalty.

The Court having examined said Report, now finds that the Respondent, Patrick R. Taylor, should be suspended from the practice of law in this State for a period of two (2) years

beginning from the date of this Order, and he is prohibited from the practice of law in this state for such period of time and until duly reinstated as a member of the profession in good standing in accordance with the Rules of this Court.

Givan, Hunter, and Prentice, JJ., concur; DeBruler, J., concurring in part and dissenting in part with separate opinion.

## OPINION CONCURRING IN PART AND DISSENTING IN PART

DEBRULER, J.—The only conduct shown by the findings of fact of the Hearing Officer which I consider to be violative of the standards for professional conduct is in advising a client not to pay child support as required by an existing and lawful court order, and in receiving such support payments. Such advice does not rise to the ethical standard set by Canon 7 which reads:

> "A lawyer should represent a client zealously within the bounds of the law."

Such advice is specifically prohibited by Disciplinary Rule 7-106 (A) which commands that:

> "A lawyer shall not disregard or advise his client to disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding, but he may take appropriate steps in good faith to test the validity of such rule or ruling."

With regard to paragraph 3 quoted above, the transcript of the hearing does not support the hearing officer's finding that the affidavit requested by this lawyer "would have been false." I accept the other findings of the hearing officer, but do not consider them to reveal violation of the Code. I concur with the hearing officer's recommendation that a public reprimand be imposed in this case.

NOTE.—Reported in 293 N. E. 2d 779.